Portalatin Velazquez **MALDONADO** et al., Plaintiffs,

v.

**SEA–LAND SERVICE, INC.** and Sea-Land of Puerto Rico, a Division of Sea-Land Service, Inc., Valencia Service Company, Inc., Valencia Baxt Express, Inc., Maritime Trucking Company, Inc., Francisco Vega Otero, Inc., Defendants.

**Civ. No. 393–64.**

United States District Court
D. Puerto Rico.
April 15, 1965.

George L. Weasler and John Glynn, Santurce, P. R., for plaintiffs.

McConnell, Valdés & Kelley, San Juan, P. R., for Sea-Land Service, Inc., and Sea-Land of Puerto Rico, a Division of Sea-Land Service, Inc.

Herbert Burstein, New York City, and Eli B. Arroyo, San Juan, P. R., for Valencia Service Co., Inc., and Valencia Baxt Express, Inc.

Paul H. Stawinski, San Juan, P. R., for Maritime Trucking Co., Inc.

John F. Malley, San Juan, P. R., for Francisco Vega Otero, Inc.

RUIZ-NAZARIO, Chief Judge.

This action is now before the Court for full determination of the following motions:

(a) The motion of co-defendants, Valencia, Service Co., Inc., and Valencia Baxt Express, Inc., filed on September 28, 1964, requesting that the complaint be dismissed because it fails to state a claim upon which relief can be granted.

(b) The motion of the other co-defendants, Sea-Land Service, Inc., and Sea-Land of Puerto Rico, filed October 6, 1964, requesting that the action be dismissed on the following grounds:

1. That the Court lacks jurisdiction because the complaint shows on its face that the controversy described therein is one within the exclusive jurisdiction of the Federal Maritime Commission, and that Plaintiffs have not exhausted the remedies granted to them by said act, etc.

2. Because the complaint fails to state a claim against said defendants upon which relief can be granted.

It further requests a more definite statement on certain matters listed in said motion; that Sea-Land of Puerto Rico be dropped as a party defendant because it is merely an operating division of defendant Sea-Land Service, Inc., and is not in fact or in law a separate legal entity; and that United Freight Haulers Association be joined as a party defendant.

Said motion is supplemented by the affidavit of M. R. McEvoy, attached to it as Exhibit A.

The motion to dismiss of Valencia Service Co., and Valencia Baxt Express, Inc. came up for oral argument on October 9, 1964, said defendants then submitted and filed their written memorandum in support of their position on said motion; the Court granted the plaintiffs a period of 15 days to file counter affidavits and a memorandum replying to that filed by said defendants. Said reply memorandum was filed on October 26, 1964.

Then, while the Court was considering said motions, and the memoranda filed by said parties in support of their respective contentions and was ready to rule on the same, the motion of the two other co-defendants, Sea-Land Service, Inc., and Sea-Land of Puerto Rico, came on for argument on November 20, 1964. Counsel for these co-defendants and for the plaintiffs were granted a period of 10 days, alternatively, to file memoranda in support of their respective positions. Due to this, the Court had to defer all decision on the first motion, referred to in (a) supra, until the memoranda in the second motion were filed. (See Order of December 11, 1964 entered herein.)

Further memoranda were filed on December 1, and 10, 1964, and on January 8, and 22, 1965.

The Court has considered all such memoranda and is now duly advised in the premises.

The only question which requires consideration, as per the views I take of the present controversy is that concerning the Court's jurisdiction to deal with the same at this time.

I have reached the conclusion that the Shipping Act (Title 46 U.S.C.A. § 801 et seq.) "stands in the way" of this Court's jurisdiction to enforce the provisions of the Sherman Anti-Trust Act, which the plaintiffs invoke against the defendants in the complaint, and that, therefore, I must decline jurisdiction in favor of the primary jurisdiction of the Federal Maritime Board.

See: United States Nav. Co. v. Cunard S. S. Co., 284 U.S. 474, at pps. 480–481, 485, 52 S.Ct. 247, 76 L.Ed. 408 (1932); Far East Conf. v. United States, 342 U.S. 570, at pages 573, 574–575, 72 S.Ct. 492, 96 L.Ed. 576 (1952); Federal Maritime Board v. Isbrandtsen Co., 356 U.S. 481, 498–499, 78 S.Ct. 851, 2 L.Ed.2d 926 (1958); Pan American World Airways v. United States, 371 U.S. 296, 302, 305–306, 309, 83 S.Ct. 476, 9 L.Ed.2d 325 (1963). See also: United States v. Western Pacific Railroad Company, et al, 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956); Atchinson Topeka & S. F. Ry. v. Aircoach Transp. Ass'n., 102 U.S. App.D.C. 355, 253 F.2d 877 (1958) cert. den. 361 U.S. 930, 80 S.Ct. 372, 4 L.Ed. 2d 354 (1960); Keogh v. Chicago & N. W. Ry., 260 U.S. 156, 43 S.Ct. 47, 67 L. Ed. 183 (1922).

The motions to dismiss must be, therefore granted and the complaint herein should be dismissed, because the Federal Maritime Board has primary jurisdiction over all the questions involved in this action.

It is so ordered. Let Judgment dismissing the complaint be entered.