**CARLOS CRESPO TRUCKING SERVICE, INC., Adolfo Villalobo, Portalatin Velazquez Maldonado, Ramon Gonzalez Diaz, Santos Soto Rivera, Israel Almodovar, Angel L. Rios, Torbec Trucking, Inc., Metropolitan Confidential Corporation, Carlos Lopez, Plaintiffs,**

v.

**SEA-LAND SERVICE, INC., a corporation of the State of Delaware, Valencia Service Company, Inc., a corporation of the Commonwealth of Puerto Rico, Valencia Baxt Express, Inc., Maritime Trucking Company, Inc., and Francisco Vega Otero, Inc., Defendants.**

**Civ. No. 308–66.**

United States District Court
D. Puerto Rico.

Nov. 18, 1966.

John J. Glynn, San Juan, P. R., for plaintiffs.

McConnell, Valdés & Kelley, San Juan, P. R., for Sea-Land Service, Inc.

Herbert Burstein and Harry B. Llenza, Rio Piedras, P. R., for Valencia Service Co., Valencia Baxt Express, Inc., and Maritime Trucking Co., for defendants.

John F. Malley San Juan, P. R., for Francisco Vega Otero, Inc.

## MEMORANDUM AND ORDER

RUIZ-NAZARIO, Chief Judge.

This action is now before the Court on Motions to Dismiss, one filed by the defendants, Valencia Service Company, Inc., Valencia Baxt Express, Inc., and Maritime Trucking Company, Inc., on July 26, 1966, and the other filed by the defendant, Sea-Land Service, Inc., on July 28, 1966.

Oral argument thereon was had before me on September 8, 1966, the parties having submitted written memoranda on the subject, the last one having been filed on September 26, 1966.

I am now duly advised in the premises.

In Maldonado v. Sea Land Service, Inc. (D.C.P.R., April 15, 1965) 240 F. Supp. 581, I granted similar motions and ordered the dismissal of the complaint, because the primary jurisdiction over all the questions involved in said action was in the Federal Maritime Board.

I based my said decision, primarily, on the cases of United States Navigation Co. v. Cunard Steamship Co., 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408, and Far East Conference v. United States, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576, which I then felt governed the situation as it stood before me at that time.

No appeal or any other form of review was ever taken from my said decision.

During the oral argument of the motions under consideration herein, the plaintiffs did not question, but rather accepted, defendants' contention that this action is substantially the same as that which I dismissed in that case. Most of the plaintiffs here were plaintiffs there, and the defendants are the same in both actions.

Since my decision in Maldonado v. Sea Land, Inc., supra, the herein plaintiffs have recurred to the Federal Maritime Board in the case Docket No. 66–16, seeking the redress that they sought from this Court in that action, including damages by way of reparation.

In opposition to defendants' motions to dismiss, the herein plaintiffs cite Carnation Co. v. Pacific Westbound Conference, 383 U.S. 213, 86 S.Ct. 781, 15 L.Ed. 2d 709, decided on February 3, 1966.

Although the factual situation here appears in a certain way to be different from that involved in Carnation Co. v. Pacific Westbound Conference, supra, nevertheless it is my considered opinion that under the ruling therein, it would be manifest error for me to order the dismissal of this action.

Therefore, defendants' motions to dismiss must be, as they are hereby Denied, but the action is Ordered stayed pending the final outcome of the Shipping Act proceedings, Docket No. 66–16 now pending before the Federal Maritime Board, and then to proceed in a manner consistent with the opinion of the Supreme Court in Carnation Co. v. Pacific Westbound Conference, supra.